Gawtry v. Leland.

WM. M. GAWTRY, appellant,

and

WARREN LELAND, JR., respondent.

In 1859 L. conveyed a tract of land to S., by a deed containing a covenant that L., his heirs and assigns, would thereafter keep open a private road, two rods wide, from the public road to the rear of the lands conveyed, and directly south thereof. L. then also owned the land southward. S's land now belongs to complainant and L.'s to defendant, their respective conveyances containing the covenant.—*Held*, that complainant could enjoin defendant from encroaching on the private road by erecting piazzas, fences &c., and that he was not estopped by knowledge of defendant's intention to build the structures and of their subsequent erection, and offered no resistance; and that the statute of limitations was no defence.

On appeal from a decree advised by Vice-Chancellor Bird, who filed the following conclusions:

On the 26th day of January, 1859, Samuel Laird was the owner of a tract of land in the village of Long Branch, on the bluff, over the east side of which was and still is Ocean avenue. On that day he agreed, by a writing under his hand and seal, with Woolman Stokes, to convey to said Stokes three and forty-four hundredths acres of said land, in compliance with which a deed was executed and delivered. Stokes went into possession, and built a hotel thereon. The agreement contained this clause:

" And the said Laird doth, for himself, his heirs, executors and administrators, agree with the said Woolman Stokes, his heirs and assigns, that a private road shall be kept open, of two rods wide, extending only from the public road, in front of the boarding-house, to the west end of said lot, and directly south of the line of the property to be conveyed as aforesaid to the said Stokes, for the mutual benefit of said Laird and Stokes. And said Laird agreed to move all his out-buildings out of the route or passage of said private road, and place them south of said private road within three months from the date hereof."

After sundry mesne conveyances the land conveyed to Stokes

was conveyed to the complainant, and the land retained by Laird, and to which the covenant above recited applied, to the defendants. I believe that said covenant was so referred to in all the deeds as to make it obligatory without any effort at construction.

The bill of complaint charges that the defendants have encroached upon this private road with a piazza, fences and other structures. The evidence sustains this charge. I can find no room for hesitation on this point. It is equally clear that the act of building within the limits of said road was an invasion of the rights of the owner of Stokes's tract, for which both law and equity provide redress, but not complete at law without a multiplicity of actions; therefore, this court justifies the complainant in asking relief in equity. *Rogers Locomotive Works* v. *Erie R. R. Co., 5 C. E. Gr. 379; Shimer* v. *Morris Canal Co., 12 C. E. Gr. 364.*

It is not a question of convenience—of how large a space is suitable for the complainant—but one of right under the covenant. *Watertown* v. *Cowen, 4 Paige 510.*

The answer declares that complainant had knowledge of the intention to construct, and of the progress of the work, and offered no resistance, and insists that he is now estopped. In the investigation nothing has presented itself to my mind that will warrant the application of this rule of law.

Counsel for defendants, in his brief, urges the doctrine of limitations. This, I think, was not explicitly expressed in the answer, nor do I think the proof at all adequate to shelter the defendant.

I think the complainant is entitled to the relief he asks for in his bill, and I will advise a decree accordingly.

*Mr. Robert Allen, Jr.*, for appellant.

*Mr. John E. Lanning*, for respondent.

PER CURIAM.

This decree unanimously affirmed, for the reasons given by the vice-chancellor.